**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTOINE GAGNON and** | : | |
| **CHRISTIANE PELOQUIN,** | : | |
| **Plaintiffs** | : | |
| | : | |
| | : | **CIVIL ACTION NO. 1:CV-05-2081** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| | : | |
| | : | |
| **LEMOYNE SLEEPER CO., INC.,** | : | |
| **Defendant** | : | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Antoine Gagnon and Christiane Peloquin's motion in limine. (Doc. No. 34.) Plaintiff's argue that because Defendant submitted the expert report of Dr. Joseph DiGiacomo on October 8, 2008, sixteen months after the initial June 28, 2007 expert report deadline had expired and four months before trial is scheduled, the report and testimony of Dr. DiGiacomo should be excluded from trial.

**II.      DISCUSSION**

The Court must consider four factors in determining whether to exclude testimony for failure to comply with a discovery order: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation." Nicholas v. Pennsylvania State Univ., 227 F.3d 133 (3d Cir. 2000). The importance of the excluded testimony needs to be considered, as well.

1

Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997) (citing Meyers v. Pennypack Woods Home Ownership Ass'n., 559 F.2d 894, 904-05 (3d Cir. 1977). Finally, the Court notes that "the exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Id.

 With the above guidelines in mind, the Court finds that Dr. DiGiacomo's testimony and report should not be excluded at trial. First, there has been no showing of bad faith on the part of Defendant. Defendant missed a discovery deadline, which the Court does not wish to minimize, however that deadline had already been extended multiple times at the agreement of both parties and in light of a significant stay for mediation attempts. Defendant also submits evidence that it made Plaintiffs aware as early as July that it might seek to introduce a new expert because of difficulties incurred in working with a foreign doctor. The difficulties include translating the medical records and understanding the intricacies of American law on negligent infliction of emotional distress, both of which likely became more important after this Court's announcement of its decision denying Defendant's motion in limine and allowing evidence on emotional distress. Defendant also states that it had numerous conversations with Plaintiffs regarding the possibility of presenting a new psychological expert, and Plaintiffs voiced no objection to that possibility prior to the filing of this motion. Based on these facts, although the submission is in violation of the case management schedule, the Court does not find that Defendant's delay amounts to wilful misconduct, flagrant abuse, or bad faith.

 Next, the Court notes that the importance of a psychological expert's testimony on whether Plaintiffs in fact suffered emotional distress is key to any defense against such a claim,

and therefore weighs in favor of allowing the testimony. Plaintiffs argue that the testimony is unimportant because Defendant has already submitted the report of another psychological expert. However, Defendant maintains that it is unlikely to use that expert because of the difficulties mentioned above. While testimony given by Dr. DiGiacomo may be less persuasive to a jury, given that he has not personally examined Plaintiffs, the Court cannot say that the testimony of Dr. DiGiacomo is unimportant to Defendant's case given the nature of a negligent infliction of emotional distress claim.

Undoubtedly, Plaintiffs are prejudiced by this late dissemination of an expert report, however, the prejudice is not sufficiently grave to justify excluding the evidence at trial. The prejudice in this case is minimal because several months still remain before trial, giving Plaintiffs adequate time to prepare their trial strategy in light of Dr. DiGiacomo's report. In terms of monetary expenses, Defendant states that Dr. DiGiacomo does not need to personally examine Plaintiffs, minimizing their expenditures, and the deposition of Dr. DiGiacomo by Plaintiffs will not cause significant additional expenditures because it can be conveniently scheduled to take place along with the other remaining depositions.

The "ability to cure" and "disruption of an orderly trial schedule" factors go in tandem here. An obvious remedy to cure would be to postpone the trial so that Plaintiffs are assured adequate time to prepare based on the new evidence. However, the Court finds that, with the trial not scheduled until February, such an option will probably be unnecessary. Thus, it is unlikely that admission of Defendant's expert report and testimony would cause a disruption in the orderly trial schedule at all, and there may be no need to cure. If, however, Plaintiffs do require an extension of the trial date to prepare, any delay is unlikely to significantly prolong the trial

date, given that there are already three months built in to the trial schedule for Plaintiffs to make preparations.

In conclusion, the gravity of the sanction of demanded, the absence of a showing of bad faith, the minimal prejudice and minimal disruption of an orderly trial schedule factors all weigh in favor of allowing Dr. Giacomo's expert report and testimony at trial despite the announcement of such evidence after the expiration of the discovery deadline.

**ACCORDINGLY**, on this 20th th day of November, 2008, in consideration of Plaintiff's motion in limine (Doc. No. 34) and the foregoing reasoning, **IT IS HEREBY ORDERED** that Plaintiff's motion in limine is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania